UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

TERRY LYLES,

               Plaintiff,             09 Civ. 895

   -against-                           OPINION

CITY OF NEW YORK, POLICE OFFICER
ANGEL BURGOS, JOHN DOE #1,
JOHN DOE #2, JOHN DOE #3, and
JOHN DOE #4,

               Defendants.

------------------------------------X



A P P E A R A N C E S:

    Attorneys for Plaintiff

    SIEGLE & SIMS L.L.P.
    217 Broadway, Suite 611
    New York, NY  10007
    By:  Eric Siegle, Esq.


    Attorneys for Defendants

    ROBERT M. MORGENTHAU
    District Attorney, New York County
    1 Hogan Place
    New York, NY  10013
    By:  Cynthia M. Sittnick, Esq.

**Sweet, D.J.**

The plaintiff, Terry Lyles ("Lyles" or the "Plaintiff"), has moved to enforce a subpoena pursuant to Rule 45(c)(2)(B)(i), Fed. R. Crim. P., directed to the District Attorney of New York County ("DANY") relating to the file relating to the arrest and prosecution of Regina Gaines ("Gaines"). Upon the conclusions set forth below, the motion is granted and the DANY directed to produce the file requested.

**Prior Proceedings**

Lyles commenced this action for injuries suffered as a result of his false arrest, imprisonment and malicious prosecution on March 1, 2008.

The subpoena seeking the Gaines file was so ordered on June 19, 2009 and served on June 23, 2009.

The instant motion was heard and marked fully submitted on August 26, 2009.

1

**Facts**

Lyles, Gaines, Troy Screen, and Andrew Campbell, Antonio Allegue were arrested on March 1, 2008. The charges have been dismissed.

According to Lyles, the weapon which was the subject of the preliminary charges against all five participants was located inside the sock of Gaines who at the time of the arrest was in a private office on the premises where the arrest took place. The incident giving rise to this action took place outside the building.

The subpoena is limited to documents related to Gaines' arrest on March 1, 2008.

**Section 160.50 Does Not Bar Production**

According to DANY, production of the documents is barred by Criminal Procedure Law § 160.50 as a consequence of their sealing pursuant to that section.

However, as set forth in Haus v. City of New York, No. 03-CV-4915, 2006 WL 3375395 at *2, state law has

2

been rejected as a basis to block discovery in an action such as this one, where plaintiffs are asserting federal claims.

**The Documents Are Relevant And Specified**

The subpoena is appropriately limited in scope and date and is relevant to the issues raised by Lyles and will be limited to the use by counsel to Lyles in connection only with this action.

**Hickman v. Taylor Is Not Implicated**

Documents subject to the work product privilege of a non-party in the proceeding against Gaines are not work product in this action against Lyles. Polycast Technology Corp. v. Uniroyal, Inc., No. 87-CV-3297, 1990 WL 138968, at *1-2 (S.D.N.Y. Sept. 20, 1990).

In light of the conclusions set forth above, Plaintiff's motion is granted.

It is so ordered.

November 25, 2009

_____
ROBERT W. SWEET
U.S.D.J.

4